UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                                    Chapter 11

THE CENTER FOR SPECIAL NEEDS
TRUST ADMINISTRATION, INC.,                              Case No. 8:24-bk-676-RCT

    Debtor.
_____/

MICHAEL GOLDBERG, as Chapter 11 Trustee
of the Estate of Debtor, THE CENTER FOR
SPECIAL NEEDS TRUST ADMINISTRATION, INC.,

    Plaintiff,
v.                                                                          Case No. 8:24-ap-343-RCT

FIDUCIARY TAX & ACCOUNTING SERVICES, LLC,
a Florida limited liability company,

    Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant FIDUCIARY TAX & ACCOUNTING SERVICES, LLC, a Florida limited liability company ("Defendant" or "FTAS"), by and through the undersigned counsel, hereby answers Plaintiff MICHAEL GOLDBERG'S ("Plaintiff" or "Trustee") Complaint to recover post-petition transfers ("Complaint") (Doc. No. 1) as follows:

## The Parties

1. Defendant lacks sufficient knowledge and information to form a belief about the truth of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2. Admitted.

3. Admitted.

## Jurisdiction and Venue

4. Admitted for Jurisdictional purposes only.

5. Admitted for Jurisdictional purposes only.

6. Admitted for venue purposes only.

## Factual Allegations Common to All Counts

**I. Procedural History**

7. Admitted.

8. Admitted.

9. Admitted.

**II. Background**

10. The allegations of this paragraph consist of legal conclusions to which no response is required. Additionally, the allegations set forth in this paragraph are not directed toward this Defendant. To the extent a response is required, said allegations are denied.

11. The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent a response is required, said allegations are denied.

12. The allegations set forth in this paragraph are not directed toward this Defendant, and as such said allegations are denied.

13. The allegations set forth in this paragraph are not directed toward this Defendant, and as such said allegations are denied.

14. The allegations set forth in this paragraph are not directed toward this Defendant, and as such said allegations are denied.

15. Admitted that part of the work completed was for the Debtor, however, denied as to the remainder, as work was also completed for the Trust.

16. Admit only that transfers to FTAS were made on the respective dates, denied as to the remainder.

17. Admitted as to dates of payments, but otherwise denied that the subject payments were required to have approval.

18. Admitted.

19. Admitted a demand letter was sent to FTAS, however, denied as to the remainder.

20. Denied and Defendant demands strict proof thereof.

**Count I – Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549**

21. Defendant realleges its answers to Paragraphs 1 through 20 above as if fully set forth herein.

22. Admitted only that the statute speaks for itself.

23. Admitted only that transfers were made to FTAS on the dates provided in paragraph 16. Otherwise, denied.

24. Admitted that the transfers were not made with Court authority, but denied that Court authority was required.

25. Denied.

26. Denied.

WHEREFORE, Defendant denies Plaintiff is entitled to the relief requested herein or any other relief sought, and prays Plaintiff take nothing by this action.

**Count II – Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550**

27. Defendant realleges its answers to Paragraphs 1 through 20 above as if fully set forth herein.

28. Admitted only that the statute speaks for itself.

29. Denied.

WHEREFORE, Defendant denies Plaintiff is entitled to the relief requested herein or any other relief sought, and prays Plaintiff take nothing by this action.

## **AFFIRMATIVE DEFENSES**

1.    Plaintiff fails to state a cause of action upon which relief can be granted. The Plaintiff has not – and cannot – establish the essential elements for avoidance of post-petition transactions under 11 U.S.C. §549 or recovery of post-petition transactions under 11 U.S.C. § 550 as the transfers were authorized under the Bankruptcy Code, including but not limited to, that Defendant disputes it was a professional for the debtor that would require Court approval.

2.    Relief should be denied because some or all of the transfers made were made by parties other than Debtor.

3.    Relief cannot be granted to Plaintiff because Plaintiff failed to mitigate its damages.

4.    Relief cannot be granted as Plaintiff has failed to perform all conditions precedent to bringing this action.

DATED:  November 18, 2024.

>  */s/ Edward J. Peterson*
>  Edward J. Peterson (FBN 014612)
>  Johnson Pope Bokor Ruppel & Burns, LLP
>  400 N. Ashley Drive, Suite 3100
>  Tampa, Florida 33602
>  Telephone: (813) 225-2500
>  Email: edwardp@jpfirm.com
>  Attorneys for Fiduciary Tax & Accounting, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished on November 18, 2024, by the Court's CM/ECF electronic noticing system to all parties receiving electronic noticing.

*/s/ Edward J. Peterson*
Edward J. Peterson