[Dosdfsja] [Order Setting Deadline for Filing Response to Motion for Summary Judgment–AP]

ORDERED.

Dated: **February 10, 2025**

_____
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                    Case No. 8:24–bk–00676–RCT

The Center for Special Needs Trust            Chapter 11
Administration, Inc.

_____Debtor*_____/

Michael Goldberg, as Chapter 11 Trustee of the
estate of Debtor, The Center for Special Needs
Trust Administration, Inc.

    Plaintiff*

                                                                Adv. Pro. No. 8:24–ap–00343–RCT

vs.

Fiduciary Tax & Accounting Services, LLC

_____Defendant*_____/

**ORDER SETTING DEADLINE FOR FILING
RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

    THIS PROCEEDING came before the Court for consideration of the motion for summary judgment ("Motion") filed by Plaintiff Michael Goldberg, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. ("Movant") (Doc. No. 12). The Motion is filed under Rule 7056 of the Federal Rules of Bankruptcy Procedure, which adopts by reference Rule 56 of the Federal Rules of Civil Procedure. This means that the Movant has asked the Court to decide this proceeding in the Movant's favor without a trial, based on written materials submitted in support of the Motion. Rule 56 allows this Court to decide a matter without a trial if the Court determines that there is no genuine dispute of any material fact and that the Movant is entitled to judgment as a matter of law. Accordingly, it is

    **ORDERED:**

    1.   If you oppose the Motion, you must file a response with the Court within 21 days of the date of this Order, plus an additional three days if you received this Order by U.S. Mail.

    2.   If you dispute a material fact stated in the Motion, you must attach specific relevant evidence to your response or cite to specific evidence in the court file. The evidence may include sworn affidavits or declarations under penalty of perjury, deposition transcripts, documents, electronically stored information, stipulations (including those made for purposes

of the motion for summary judgment only), responses to requests for admissions, interrogatory answers, or other materials. A copy of Rule 56 is attached to this Order, along with a form of declaration that you may use in responding to the Motion.

    3.  **If you do not file a response with sworn affidavits or declarations or other evidence that contradicts the facts asserted by the Movant, the Court may accept the Movant's facts as true and enter a final judgment against you without further notice or hearing. Therefore, it is very important that you support your response with a sworn affidavit, declaration under penalty of perjury, or other evidence to show that there is a disputed issue of fact that the Court needs to consider at a trial.**

    4.  If you file a response to the Motion, the Movant may file a reply within seven days after being served with your response.

    5.  The Court will either (a) notify the parties of a hearing date, or (b) enter an order on the Motion after considering the response and any timely reply.

    6.  Any prior Court order setting deadlines regarding motions for summary judgment shall control and preempt any contrary deadline indicated in this Order.

The Clerk's office is directed to serve a copy of this Order on interested parties via CM/ECF.

...

[*]All references to "Debtor" must include and refer to both of the debtors in a case filed jointly by two individuals.

[*]All references to "Plaintiff" or "Defendant" shall include and refer to multiple plaintiffs or defendants.

<u>Rule 56, Federal Rules of Civil Procedure</u>

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense––or the part of each claim or defense––on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials––including the facts considered undisputed––show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact––including an item of damages or other relief––that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court––after notice and a reasonable time to respond––may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                              Case No.
                                                    Chapter

Debtor Name

Joint Debtor Name

_____Debtor(s)_____/

Plaintiff(s) Name

       Plaintiff(s)

vs.                                                 Adv. Pro. No.

Defendant(s) Name

_____Defendant(s)_____/

**DECLARATION UNDER PENALTY OF PERJURY**

   I, [name of person making statements], being at least 18 years of age, hereby declare based on my personal knowledge:

   [numbered paragraphs stating facts in support of your position]

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [date signed].

                       _____

                       [printed or typed name of person signing declaration – the person making the declaration signs his or her name above the line]

                                 ...

*All references to "Debtor" must include and refer to both of the debtors in a case filed jointly by two individuals.

*All references to "Plaintiff" or "Defendant" shall include and refer to multiple plaintiffs or defendants.