**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| In re: | Case No. 8:24-bk-00676-RCT |
| THE CENTER FOR SPECIAL NEEDS TRUST ADMINISTRATION, INC., | Chapter 11 |
| Debtor. | |
| MICHAEL GOLDBERG, as Chapter 11 Trustee of the estate of Debtor, The Center for Special Needs Trust Administration, Inc. | Adversary No. 8:24-ap-00343-RCT |
| Plaintiff, | |
| v. | |
| FIDUCIARY TAX & ACCOUNTING SERVICES, LLC, a Florida limited liability company, | |
| Defendant. | |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO EXTEND DEADLINE SET FORTH IN THE ORDER SETTING DEADLINE FOR FILING RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Michael Goldberg, as Chapter 11 Trustee ("Chapter 11 Trustee" or the "Plaintiff") of the estate of The Center for Special Needs Trust Administration, Inc. (the "Debtor"), objects to the *Motion to Extend Deadline Set Forth in the Order Setting Deadline for Filing Response to Motion for Summary Judgment* (Doc. No. 15), and states:

1. On February 6, 2025, Plaintiff filed its Motion for Summary Judgment (the "Motion") (Doc. No. 12).

2. On February 10, 2025, the Court entered the Order requiring Defendant to respond by March 3, 2025.

3. On February 26, 2025, Defendant's counsel filed a motion to withdraw as counsel, but that motion will not be granted until March 18, at the earliest (15 days after the response is due).

80248841;1

**4.** But Defendant has asked for an extended response deadline of May 16, 2025, meaning that if the extension motion were granted, Defendant would have **99 days** to file a response to the Motion for Summary Judgment.

5. Under the Local Rules of the United States District Court for the Middle District of Florida, responses to motions for summary judgment are due 21 days after the motion is filed. *See* Local Rule 3.01(c). Under the Florida Rules of Civil Procedure, responses to motions for summary judgment are due 30 days after the motion is filed. *See* Fla. R. Civ. P. 1.540(c)(5) and (6) (*i.e.* the motion is due at least 40 days before hearing, and the response is due at least 10 days before hearing).

6. In this case, making the constituents (including trust beneficiaries) wait 99 days serves no one but the Defendant, and there is no good cause for such abject delay.

WHEREFORE, the Chapter 11 Trustee respectfully requests that the Court deny the Defendant's extension motion.

Dated: February 28, 2025.

*/s/ John L. Dicks II*
John L. Dicks II
Florida Bar No. 89012
Email: john.dicks@akerman.com
Steven R. Wirth
Florida Bar No.: 170380
Email: steven.wirth@akerman.com
Raye C. Elliott
Florida Bar No.:  18732
Email:  raye.elliott@akerman.com
AKERMAN LLP
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Chapter 11 Trustee, Michael Goldberg*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 28, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

                                                      */s/ John L. Dicks II*
                                                      Attorney

80248841;1